No. 9281.

### THE STATE OF LOUISIANA VS. THOMAS SWEENEY.

This Court has no jurisdiction to review facts submitted to a jury in a criminal case, so as to determine of the correctness or incorrectness of their verdict.

Applications for a new trial, on the ground of newly discovered evidence ought not only to set forth the proper averments, but should also be verified by oath.

Objections to the charge of the trial judge to the jury, unless made at the time when the same is given and unless properly presented by bill of exceptions, will not be considered on appeal.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker*, J.

---

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*Henry C. Castellanos* and *A. Gastinel*, for Defendant and Appellant.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant was prosecuted for murder and convicted of manslaughter. From the verdict and judgment thereon sentencing him to fifteen years at hard labor, he appeals to this Court.

37   1
44 1121

37   1
45   44

37   1
51 1310

37   1
e112 332
112 334

37   1
115 507

37   1
f118 660

State vs. Sweeney.

The record contains one bill of exception, taken to the refusal of the District Judge to grant a new trial.

The bill sets forth no right and no grievance. It does not even aver that the motion for a new trial was well founded and that the judge erred in overruling it.

The motion, which is attached to the bill, is based on *six* grounds, four of which attack the verdict of the jury and relate to matters of fact, which were exclusively within the province of that body, with whose action this Court has no power to interfere.

If it were true, as charged, that the jury disregarded the testimony of unimpeached and disinterested witnesses and the charge of the court, and did not give the defendant the benefit of any reasonable doubt, the defendant, on satisfying the District Judge, would have been allowed a new trial. It seems, on the contrary, that although his complaint was urged by able counsel, he failed to convince the judge that the jury had not done him justice.

The District Judge could have granted a new trial, if the verdict was contrary to the evidence, for he has authority to consider the verdict and review the facts, to test its correctness. Although he cannot comment upon the facts before the jury, prior to verdict, still he has the right after verdict to decide whether the facts proved, justified or not the verdict; and, accordingly, to refuse or grant a new trial. Where he refuses such motion, this Court, in the exercise of its appellate jurisdiction, is powerless to grant any relief from the effect of such ruling, even if the same were erroneous.

The constitutional prohibition lies to the exercise of the jurisdiction of this Court to find questions of fact which were submitted to and found by the jury. As this Court was never designed to pass upon questions of fact, as a jury is called upon to do, in other words, to pass upon the guilt or innocence of the accused, it cannot, under any circumstances, review the verdict of a jury touching such guilt or innocence. This Court has already so held at least twice—32 Ann. 844; 33 Ann. 1016.

To say that the District Judge erred in overruling the motion for a new trial, would actually be sitting on the case as the jury has done, taking cognizance of the facts proved on the trial—acquit or convict— which cannot be done.

The fifth ground is that, since the trial, the defendant has been placed in possession of evidence, represented as material, and that had the same gone to the jury, the verdict which they returned would not have been brought in.

The motion is not sworn to in this particular. The averment is not even made, that the evidence could not have been procured by due diligence for the trial; that the witness named is within the reach of the court and, if heard, would swear to the fact stated in the motion, as newly discovered. Specific averments, verified by oath, were indispensable.

The sixth and last ground is, that the District Judge erred in charging the jury as he did.

If the charge be, as claimed, insufficient or erroneous, it should have been objected to, when given. This the accused did not do. It seems to have been complained of for the first time, only in the motion for a new trial, which was too late.

Judgment affirmed.