## No. 14,406.

## STATE OF LOUISIANA vs. GEORGE MILLER.

### SYLLABUS.

1,  The failure of defendant in a criminal case to introduce evidence in his own behalf which was within his control, for the reason that he did not believe it was called for, under the evidence which the State had adduced against him, furnishes no reason for a new trial.

2.  In the District and not the Supreme Court is vested the right and power of determining whether a verdict rendered against defendant in a criminal case, was justified by the weight and sufficiency of the evidence adduced against him. When the District Court overrules a motion for a new trial, holding that the verdict was justified, the Supreme Court cannot review his conclusion, even though in a bill of exception reserved to this ruling, is embodied a *resume* of the testimony which was taken on the trial signed by the district attorney and counsel of the accused.

A PPEAL from the Criminal District Court, Parish of Orleans— *Baker, J.*

*Walter Guion,* Attorney General, and *J. Ward Gurley,* District Attorney *(Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Paul C. LaSalle,* for Defendant, Appellant.

### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. Defendant appeals from a sentence for larceny, urging his grounds of complaint in a bill of exceptions taken to the

refusal of the District Court to grant him a new trial. The grounds which he assigned as those entitling him to a new trial were:

1st.—Because the verdict was contrary to the law and the evidence.

2nd.—Because the evidence did not establish beyond all reasonable doubt the guilt of the defendant as the law required.

3rd.—Because the ownership of the property had not been proven as laid in the information, nor had there been any proof to show that the prosecuting witness was ever in possession of the property used as evidence and alleged to have been stolen by the defendant.

4th.—Because the State had failed to establish beyond all reasonable doubt the *corpus delicti.* That there was no proof to show that the property in question or any similar property had ever been taken and stolen by the defendant from the prosecuting witness.

5th.—Because the property in question and which was used in evidence on the trial is the property of the defendant. That the reason defendant had not established by proof his ownership of the property on trial was by reason of the fact of the want of proof on the part of the State to establish the *corpus delicti,* and that therefore defendant was not compelled under the law to make any defense thereto. That the property alleged to have been stolen by defendant was given and sold to defendant by Jack Kelly, a person whom defendant prays the court will cause to be summoned in court, so as to enable defendant to secure and have the benefit of his testimony, and to have the same made a part of the motion, as though written and embodied therein.

The court caused Kelly to be summoned and his testimony taken. The motion for a new trial was then taken up and argument heard. The court overruled the motion and the defendant appealed. Defend-ant annexed to his bill as part thereof his motion for a new trial and the evidence taken. In the bill it is stated that the judge overruled the motion for reasons orally assigned. What those reasons are we are not informed.

We find in the record a paper headed "Statement of Facts," which is signed by the district attorney and the counsel of the defendant. It purports to recite the testimony given on the trial by the different witnesses.

We have repeatedly decided that the Supreme Court is without jurisdiction in a criminal case to review the evidence which was submitted to the jury which went to show the guilt or innocence of the accused, in

order to ascertain whether the conclusions reached by the jury on the evidence before it was correct or not. This is true, whether this testimony be brought before us incorporated in a bill of exceptions taken by the ruling of the court refusing a new trial, or whether it comes up in the record as an agreed statement of facts signed by counsel of both parties. In the district judge is vested the right and power, after the jury has returned its verdict, to determine whether on the evidence which has been submitted to it, and upon which its verdict rested, a new trial should be granted or not. When his conclusions as to the guilt of the accused, under the evidence which was adduced on the trial, are in accord with those of the jury, and he refuses the new trial, we are powerless to review the ruling. If there was any legal complaint to be made of this evidence, whether because improper or illegal evidence was admitted, or proper and legal evidence was not allowed to be introduced, objections on that score should have been presented to us at the time in bills of exception then taken. If defendant conceived there was any legal reason why the jury could not or should not return a verdict of guilty on the evidence submitted to it, defendant should have stated his grounds to the court and called upon it so to charge as requested, he should have taken a bill. On the other hand, if the court itself should have given instructions to the jury of which defendant could legally complain, he should then have objected and reserved a bill.

The court allowed the testimony of Kelly to be taken in order to enable it, by taking that testimony in connection with that which had been adduced before the jury (of which it was itself legally advised) to grant a new trial if it thought it legally right that this should be done. Even with that addtional evidence before him, taken in connection with that which had been adduced on trial, the judge was of the opinion that the State had made out its case and refused to reopen the case; appellant complains of his action. It is very clearly shown that while the testimony taken on the trial of the case was before the district judge himself, to be considered by him (coupled with the new evidence adduced), in order to determine him as to what his course should be, that evidence cannot be brought before this court for its consideration in the matter, and that the only evidence which could be before us would be that taken on the trial of the motion for a new trial, when embodied in a bill of exceptions taken to the ruling of the

judge on that motion as involving an error of law. Kelly's entire testimony was received below without objection, and no question of law arose from it or in the ruling of the District Court refusing a new trial. We certainly could not undertake to say on Kelly's testimony alone and without any knowledge legally of what the evidence taken on the trial had been, that the defendant was entitled to a new trial. We may say here, however, that a defendant who had failed to introduce certain testimony on his own behalf because he erroneously supposed it was not required by the necessities of his case, would not be entitled to a new trial in order to rectify his own error, unless under very extraordinary circumstances. Such a course would hold out a direct inducement to counsel of accused parties to commit errors. The judgment appealed from is affirmed.