Statement of the Case.
MONROE, J.
Defendant, having been convicted for receiving stolen goods knowing them to be stolen, appeals from a sentence *1089 of imprisonment at hard labor, and presents his case to this court upon a bill of exceptions taken to the ruling of the judge a quo refusing a new trial.
The grounds alleged in the motion for a new trial are substantially:
That the verdict is contrary to the law and the evidence, in that
(1) The court failed to charge the jury as required by law, and as requested by counsel for the defendant, as to the presumption arising from the unexplained receipt and possession of stolen goods.
(2) That the state failed to show that the defendant received the goods described in the indictment from any person who had stolen them, “but did show clearly and conclusively” the theft of the same by the defendant.
Opinion.
1. No bill appears to have been reserved to the charge when given, or to the refusal of the court to give the special charge requested; and the counsel say in their brief: “We were so confident that the legal propositions argued to the jury were accepted by them that we were afraid of prejudicing the defense with the jury by expressing complaint at the charge; hence, however insufficient the charge was, we are without remedy.” The conclusion is sustained by the ruling of this court. State v. Weston, 107 La. 45, 31 South. 383.
2. It appears from the bill that the court refused to permit the defendant’s counsel, upon the hearing of the motion for new trial, to prove by the district attorney that the state had proved on the trial certain facts pointing to the conclusion that the defendant had stolen the goods which he was charged with having received. It is for a district court, and not for this court, to determine whether a verdict in a criminal case is sustained by the evidence; and when the district court overrules a motion for new trial, holding that the verdict was justified, this court cannot review its conclusions, even though in a bill of exceptions reserved to such ruling is embodied a résumé of the testimony which was taken on the trial, signed by the district attorney and counsel for the accused. State v. Miller, 107 La. 796, 32 South. 191.
In the instant case the bill does not embody a résumé of the testimony, and the judge a quo states that it was shown that when the property described in the indictment, which had been stolen from a freight ear, was, shortly afterwards, found in defendant’s store, he at first asserted that he had purchased it, as would appear from his invoices, and then, not being able to produce the invoices, that he had bought it from a negro, who drove up to his store after midnight, and that, whilst his counsel argued that the latter statement was untrue, the jury believed it, and hence believed that the defendant was a receiver of stolen goods, and not a burglar or thief.
The appeal really presents nothing upon which this court can act, and the judgment appealed from is affirmed.