(118 So. 690)

No. 29296.

**STATE v. DASPIT.**

Oct. 29, 1928.

Ellender & Ellender, of Houma, for appellant.

Percy Saint, Atty. Gen., J. A. O. Coignet, Dist. Atty., of Thibodaux, and E. R. Schowalter, Asst. Atty. Gen., for the State.

O'NIELL, C. J. The appellant was convicted of embezzlement of money on deposit in a bank, of which he was cashier, and was sentenced to imprisonment in the penitentiary. There are three bills of exception in the record, two of which, however, are abandoned. The third bill relates to the refusal of the judge to grant a new trial. The motion for a new trial was founded upon two complaints. The first complaint was that the district attorney, in his argument to the jury, cited facts which were not proven, or relevant to this case, but which had reference to another charge pending against the defendant. The second complaint, or contention, was that the evidence in this case was not sufficient to justify a conviction, and that the verdict was therefore contrary to the law and the evidence.

As to the first complaint, the judge says in his statement per curiam that no objection was made by defendant's counsel during the district attorney's argument, or at any time before the verdict was rendered. Such objections ought to be made—if made at all—in time for the district attorney to correct his error, if he has made one, or for the judge to correct it, by proper explanation or in-

struction to the jury. If no such objection or complaint is made before the verdict is rendered, it must be assumed that there was no just cause for complaint—that the argument of the district attorney was not objectionable—or at least that no harm or injustice was done.

As to the contention that there was not sufficient evidence to justify a conviction, the judge says merely, in his statement per curiam, that, in disposing of the motion for a new trial, he reviewed the evidence, announced that it was the province of the jury to base their verdict upon such facts as were established to their satisfaction, provided that such facts, taken in connection with the law of the case, established the defendant's guilt beyond a reasonable doubt; and that he, the judge, noted the presence of evidence which, if believed by the jury, would warrant the verdict; and that he was not prepared to say that the jury did not have before it evidence sufficient, if believed, to warrant the verdict that was rendered.

The district judge makes it very plain that he deemed it to be not his province, but the province exclusively of the jury, to determine whether the evidence in the case proved the guilt of the accused beyond a reasonable doubt. It was for that reason alone, and not because of his own judgment or appreciation of the evidence, that the judge declined to grant a new trial. The defendant was thereby denied his right to have the judge determine, according to his own judgment, whether the verdict was justified by the evidence. The judge should have exercised his judgment and authority in that respect. State v. Sweeney, 37 La. Ann. 2; State v. Seipel, 104 La. 67, 73, 28 So. 880; State v. Miller, 107 La. 797, 798, 32 So. 191; State v. John, 109 La. 1088, 1089, 34 So. 98; State v. Hauser, 112 La. 313, 314, 36 So. 396; State v. Maloney, 115 La. 498, 509, 39 So. 539; State v. Varnado, 128 La. 883, 885, 55 So. 562.

"The District Judge could have granted a new trial, if the verdict was contrary to the evidence, for he has authority to consider the verdict and review the facts, to test its correctness. Although he cannot comment upon the facts before the jury, prior to verdict, still he has the right after verdict to decide whether the facts proved, justified or not the verdict; and, accordingly, to refuse or grant a new trial. Where he refuses such motion, this court, in the exercise of its appellate jurisdiction, is powerless to grant any relief from the effect of such ruling, even if the same were erroneous." State v. Sweeney, 37 La. Ann. 2.

"This court has frequently held that as it did not have constitutional jurisdiction to examine the facts adduced on the trial of a criminal case, it could not review facts of a case, on a motion for new trial based on the ground that the verdict was contrary to the law and evidence; but it has not decided that the trial judge could not do so. On the contrary, the special province of the trial judge is to supervise the trial and pass upon motions for a new trial, for the purpose of determining whether the verdict was responsive to the law and evidence or not." State v. Seipel, 104 La. 73, 28 So. 882.

"In the district judge is vested the right and power, after the jury has returned its verdict, to determine whether on the evidence which has been submitted to it, and upon which its verdict rested, a new trial should be granted or not. When his conclusions as to the guilt of the accused, under the evidence which was adduced on the trial, are in accord with those of the jury, and he refuses the new trial, we are powerless to review the ruling." State v. Miller, 107 La. 798, 32 So. 192.

"It is for a district court, and not for this court, to determine whether a verdict in a criminal case is sustained by the evidence; and when the district court overrules a motion for new trial, holding that the verdict was justified, this court cannot review its conclusions," etc. State v. John, 109 La. 1089, 34 So. 99.

"The district court has the right, on motion for a new trial, to set aside the verdict of the jury, if, in its opinion, it is contrary to the law and the evidence; but the Supreme Court has no such right." State v. Hauser, 112 La. 314, 36 So. 396.

"The right accorded to parties convicted of crime to apply for a new trial, and the power and authority conferred upon district courts to grant the same, is the great remedy afforded by the lawmaker for the ascertainment and correction of any errors and resulting injury which may have taken place in the proceedings.

Great latitude is given to the accused in the assignment of the grounds which might induce the district judge to allow a new trial. But grounds which might properly be considered by the trial judge for that specific purpose are by no means grounds which can or should be considered by the appellate court." State v. Maloney, 115 La. 509, 39 So. 543.

"Nobody has ever doubted that the trial judge has the power to set aside a verdict which in his opinion is 'contrary to the evidence,' or, in other words, not supported by the evidence. The existence of this power has been expressly recognized in innumerable cases. [Citing eight cases.] And the question of duty in such a case is not more doubtful. * * * . Duty is the correlative of power. If in his greater knowledge and wider experience, to which the law has trusted in setting him up over the verdicts of juries, the judge is convinced that the jury condemned an accused in a case of reasonable doubt—that is to say, in a case in which the law enjoins there must be an acquittal and not a condemnation—and he does nothing, he does wrong. * * * In the machinery for the administration of criminal justice he is the sole provision made for rectifying the verdicts of juries on questions of fact. If, therefore, in a proper case he fails to act, the accused is left remediless. Whether any particular case calls for his intervention is a matter for him, and him alone, to decide. Therefore, the sentence and the judgment refusing the new trial will have to be set aside, and the case remanded for further action by the judge on the motion for new trial." State v. Varnado, 128 La. 884, 55 So. 563.

■ The cautious manner in which the judge refused to express his opinion, or to be governed by his own judgment, as to whether the evidence adduced proved the guilt of the accused beyond a reasonable doubt, implies, rather forcibly, that there may have been a reasonable doubt in the mind of the judge; else, why not say that in his judgment the evidence was sufficient to establish the guilt of the accused beyond a reasonable doubt? Our conclusion, therefore, is that the sentence should be set aside and the case remanded for the district judge to pass upon the motion for a new trial, by deciding whether in his judgment the evidence was sufficient to establish the guilt of the accused beyond a reasonable doubt. The defendant, Daspit, was jointly indicted with one Robichaux, who was vice president of the bank at the time of the alleged embezzlement; and, on the first trial, of the two defendants together, Daspit's defense was that he had taken no part in the embezzlement charged, had only learned of it after the books were falsified, and could not be convicted of any greater offense than that of an accessory after the fact, for having protected Robichaux, by concealing the facts. Both defendants were convicted, and, on appeal, the conviction of Daspit was set aside and a new trial granted him because the judge had refused to charge the jury on the difference between the guilt of a principal in a crime and that of an accessory after the fact. See State v. Robichaux et al., 165 La. 497, 115 So. 728. The judge stated in the per curiam to the bill of exceptions reserved in that case:

"It is true that there was evidence before the jury tending to fix upon defendant, Daspit, the character of an accessory after the fact; it is also true that other evidence before the jury, if accepted as true by the jury, would warrant the jury in its verdict."

In setting aside the verdict against Daspit, this court said that, if there was a reasonable doubt as to whether he actually committed the embezzlement charged, or was only an accessory after the fact, he should not have been convicted under the indictment charging him as a principal. Therefore, if the evidence leaves a reasonable doubt in the mind of the district judge, as to whether Daspit actually committed the crime or was only an accessory after the fact, the judge should set aside the conviction and grant a new trial.

The sentence is annulled, and the case is ordered remanded for further proceedings consistent with the foregoing opinion.