288 So.2d 48 (1974)
STATE of Louisiana
v.
Gene R. JONES.
No. 53850.
Supreme Court of Louisiana.
December 3, 1973.
Rehearing Denied January 11, 1974.
*49 Stephen J. Katz, Kidd, Katz & Halpin, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., Charles R. Whitehead, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant, Gene R. Jones, was charged by bill of information with having committed the crime of theft of cattle. R.S. 14:67.1. After a trial by jury defendant was found guilty of attempted theft of cattle. Imposition of sentence was suspended and defendant was placed on supervised probation for one year and six months. Our consideration is focused on the period subsequent to the defendant's trial (April 18, 1973), and to the date defendant was sentenced (May 29, 1973). After Mr. Jones was found guilty and prior to his sentencing, he retained an attorney who had not taken part in the jury trial of the defendant. Counsel filed a motion for a continuance of the sentencing in order to review the transcript to determine if there were any post-trial motions to be filed. He also filed a motion for a new trial predicated upon his belief that the State failed to prove the requisite intent of the crime of which the defendant was found guilty. Both motions were overruled by the trial judge, and bills of exceptions were perfected to those rulings. As no formal bills of exceptions were perfected during the course of the trial, the scope of our review is limited to errors discoverable by a mere inspection of the pleadings and proceedings, without inspection of the evidence. C.Cr.P. 920.
Bill of Exceptions No. 1 was taken when the trial judge denied defendant's motion for a delay filed approximately ten days before sentencing by retained counsel who did not represent the defendant in the trial. The defendant argues that he has been deprived of effective representation after his trial by the denial of the delay. The granting or refusing of a recess rests in the sound discretion of the trial judge, and his ruling will not be disturbed, except where his discretion has been arbitrarily or unreasonably abused. State v. Burch, 261 La. 3, 258 So.2d 851 (1972). Though an individual's post-trial remedies are to be as earnestly guarded as his rights prior to and during trial, where the record indicates that the individual has not been deprived of any right, a trial court's ruling will not be set aside. This bill is without merit.
Bill of Exceptions No. 2 was reserved upon the trial judge's overruling the motion for a new trial.[1]
Appellant argues that the trial court failed to decide whether there was sufficient evidence to support the verdict of the jury. The trial judge's opinion in denying the motion for a new trial is as follows:
"The Court is very familiar with the entire proceedings. It is a matter that addresses itself entirely on a factual situation of the interpretation of the actions of the accused. The basis of which the jury thought that the competent evidence to sustain the verdict, it is not proper nor would it be within the discretion of this Court to substitute any thinking that it might have with reference to the intent, because the Court would have to substitute its own thoughts for action, because the facts were present. As we *50 all know, the word `intent' must be read in connection with the facts that are presented to the jury. The Court can find on (sic) substance in the motion for a motion for a new trial, because the jury believed, beyond a reasonable doubt, and I can assure Counsel that the Court sought in every respect to allow all of the evidence sought by Counsel for the accused to be presented to the jury, and it was presented in a wholesome and dignified way. Therefore the Motion for a New Trial is denied."
The opinion of the trial judge, as a whole, indicates that it was his opinion that the matter was entirely up to the jury to decide, and it would be wrong for the trial judge to upset the verdict of the jury and grant a new trial. It might be argued that, since the trial judge stated that "the Court can find no substance in the motion. . . for a new trial, . . ." the trial judge actually decided that the verdict was not contrary to the law and the evidence, and was supported by the evidence. However, when the judge continued in his discussion to emphasize that the jury believed beyond a reasonable doubt in the guilt of the accused, we believe he meant to say that, even on a motion for a new trial, the guilt of the accused was a question for the jury alone.
Since we find it necessary to set aside the sentence for another reason, we construe the opinion of the trial judge as a failure to decide whether the evidence supports the verdict of the jury.
In 1900 this court had occasion to review a trial court ruling denying a motion for a new trial in State v. Seipel, 104 La. 67, 28 So. 880, 882, and pointed out that it was the duty of the trial judge to decide whether the verdict was contrary to the law and the evidence, saying:
"This court has frequently held that, as it did not have constitutional jurisdiction to examine the facts adduced on the trial of a criminal case, it could not review facts of a case, or a motion for new trial based on the ground that the verdict was contrary to the law and evidence; but it has not decided that the trial judge could not do so. On the contrary, the special province of the trial judge is to supervise the trial, and pass upon motions for new trial, for the purpose of determining whether the verdict was responsive to the law and evidence or not. Entertaining this view, we deem it our duty to reverse the judgment and sentence pronounced against the defendant, and remand the case to the court below, with instructions to the trial judge to entertain and decide the motion for new trial, but not to interfere otherwise with the trial and disposition of the case."
This court has so frequently stated that an allegation in a motion for a new trial that the verdict is contrary to the law and the evidence presents nothing for review that we might have created the mistaken belief that the trial judge need not consider whether the verdict is contrary to the law and the evidence.
Nevertheless, State v. Daspit, 167 La. 53, 118 So. 690 (1928), is still good law and was recognized by the redactors of the Code of Criminal Procedure in the Official Revision Comment to article 851 as follows:
"Ground (1), a verdict contrary to the law and the evidence, is a ground on which the trial judge has a wide discretion and may order a new trial if he feels that the jury was wrong in convicting the defendant. It is the duty of the trial judge to pass upon the sufficiency of the evidence, and his refusal to do so is reversible error. State v. Daspit, 167 La. 53, 118 So. 690 (1928)."
In State v. Daspit, supra, the trial judge, in denying a motion for a new trial, stated that he reviewed the evidence and that there was evidence present which, if believed by the jury, "would warrant the verdict."
The Supreme Court found that the "cautious manner" in which the trial judge *51 refused to express his own opinion as to whether the evidence proved the guilt of the accused implied that there might have been a reasonable doubt in the mind of the judge:
"The cautious manner in which the judge refused to express his opinion, or to be governed by his own judgment, as to whether the evidence adduced proved the guilt of the accused beyond a reasonable doubt, implies, rather forcibly, that there may have been a reasonable doubt in the mind of the judge; else, why not say that in his judgment the evidence was sufficient to establish the guilt of the accused beyond a reasonable doubt? Our conclusion, therefore, is that the sentence should be set aside and the case remanded for the district judge to pass upon the motion for a new trial, by deciding whether in his judgment the evidence was sufficient to establish the guilt of the accused beyond a reasonable doubt." 118 So. 690, 691.
Bill of Exceptions No. 2 has merit.[2]
The additional reason for setting aside the sentence is that there was no twenty-four hour delay between the overruling of the motion for new trial and the sentencing. This is an error discoverable by an inspection of the pleadings and proceedings. C.Cr.P. 920(2). C.Cr.P. 873 requires a twenty-four hour delay between the overruling of the motion and sentencing. That article concludes: "If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately." If there is an express waiver, the minutes and the record must reflect it. The record in this case indicates that the defendant's lawyer did not acquiesce in the immediate sentencing of the defendant.
For these reasons, the sentence is set aside and the case is remanded to the district court for the district judge to pass upon the motion for a new trial, by deciding whether in his judgment the evidence was sufficient to establish the guilt of the accused beyond a reasonable doubt, and for re-sentencing in conformity with the law.
SANDERS, C. J., concurs in the decree.
SUMMERS, J., concurs in the result and assigns reasons.
SUMMERS, Justice (concurring in part and dissenting in part).
The jury in all criminal cases shall be judges of the law and the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge. (La. Const. art. XIX, § 9)
To permit the district judge to decide "whether in his judgment the evidence was sufficient to establish the guilt of the accused beyond a reasonable doubt" is to abrogate the constitutional prerogative of the jury as "judges of the law and the facts on the question of guilt or innocence." If the presiding judge sets aside the verdict of the jury on the sufficiency of the evidence, that jury's constitutional right to judge guilt or innocence is abrogated, for upon the new trial another jury sits; and so ad infinitum until the jury reaches a verdict acceptable to the judge.
Fortunately, in this State trial judges, as in this case, as well as in many other cases, have accorded exceptional deference to jury verdicts, imbued as they are with the value of the constitutional right to jury trial in criminal cases. They realize that this guarantee is rendered meaningless if jury verdicts are set aside on questions of guilt or innocence because of "insufficient" evidence or because of the judge's individual concept of "reasonable doubt." In the case at bar, for instance, the judge properly felt it would be "to substitute its own *52 thoughts" for those of the jury. In State v. Varnado, 128 La. 883, 55 So. 562 (1911), the trial judge stated it would be "to interfere with the verdict of the jury of (sic) the question of facts." In State v. Daspit, 167 La. 53, 118 So. 690 (1928), the trial judge refused to set aside a verdict and cautiously "announced that it was the province of the jury to base their verdict upon such facts as were established to their satisfaction."
The law has not set the presiding judge up over the verdict of juries, as our learned Brothers have erroneously concluded without reference to the Constitution. State v. Varnado, supra; State v. Daspit, supra. To the contrary, the Constitution declares that the jury, and not the judges, decide guilt or innocence. It is not the "greater knowledge and wider experience"[1] of the judge which the constitutional plan is designed to bring to bear on the question of guilt or innocence; it is, instead, the common sense, common understanding, fair beliefsthe human equation, as it wereof a cross section of the community which the jury represents.
In my opinion the views I have expressed are implicit in Article XIX, Section 9, of the Constitution, and those views are necessary corollaries to Article VII, Section 10, which limits the review of this Court in criminal cases to "questions of law alone." It is only when the presiding judge or this Court finds that there is no evidence "at all" to sustain one of the essential elements of the crime that a question of law is presented (i. e., whether a person may be convicted with "no evidence") upon which the verdict of the jury may be set aside. State v. McDonell, 208 La. 602, 23 So.2d 230 (1945); State v. Nomey, 204 La. 667, 16 So.2d 226 (1943); State v. Holder, 159 La. 82, 105 So. 232 (1925).
I do agree with the majority, however, that resentencing is required because "there was no twenty-four hour delay between the overruling of the motion for new trial and the sentencing." La.Code Crim.Proc. art. 873.
NOTES
[1] The motion for a new trial alleged:

"The verdict is contrary to the law and evidence in that there was no clear and convincing evidence beyond a reasonable doubt which showed that defendant had the intent to steal the calf in that he was not aware of any brand on the calf and said brand was not easily observable."
[2] Slovenko, Control Over the Jury Verdict in Louisiana Criminal Law (Motion for New Trial), 20 La.L.Rev. 657, 693.
[1] State v. Varnado, 123 La. 853, 55 So. 562 (1911).