307 So.2d 345 (1975)
STATE of Louisiana
v.
Frank LANDRUM.
No. 55199.
Supreme Court of Louisiana.
January 20, 1975.
Rehearing Denied February 21, 1975.
Crawford A. Rose, Jr., Rayville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Donald K. Carroll, Dist. Atty., Lowen B. Loftin, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
The defendant, Frank Landrum, was convicted of armed robbery, LSA-R.S. *346 14:64, and was sentenced to serve six years at hard labor.
He was represented at trial by Mr. James C. Boies, a court-appointed attorney. After the conviction, his family retained Mr. Crawford A. Rose, Jr. to represent the defendant in any further proceedings. He filed a motion for a new trial. A hearing on the motion was held on June 17, 1974. To the ruling of the trial court denying the motion for a new trial, the defendant reserved a bill of exceptions. As no bills of exceptions were reserved during trial, defendant relies solely upon this bill in urging reversal of his conviction.
In support of his motion for a new trial, the defendant asserted three grounds: 1. that the verdict rendered was contrary to the law and the evidence; 2. that the "attorney of record during the trial was unprepared for trial and that [an] alibi defense had not been developed,"[1] thus depriving the defendant of "substantial constitutional rights;" 3. that the ends of justice would best be served by granting a new trial. We shall consider each one in turn.
In regard to the defendant's first assertion, that the verdict was contrary to the law and the evidence, it has long been the position of this Court that such an allegation is concerned with sufficiency of evidence, and thus not subject to our consideration. The reasons for this position were fully discussed in State v. Gilbert, 286 So.2d 345 (1973), wherein we stated:
"La.C.Cr.P. Art. 851(1) provides that one of the grounds for the granting of a new trial is where the verdict is contrary to the law and evidence.
"According to the official revision comment, explaining Article 851(1);
"`* * * a verdict contrary to the law and the evidence is a ground on which the trial judge has a wide discretion and may order a new trial if he feels that the jury was wrong in convicting the defendant. It is the duty of the trial judge to pass upon the sufficiency of the evidence, and his refusal to do so is reversible error. State v. Daspit, 167 La. 53, 118 So. 690 (1928).'
"[8, 9] Under our law, the trial judge may not comment on the evidence to the jury. LSA-C.Cr.P. Art. 772. He may, however, under the above provision, grant a new trial if the jury returns a verdict of guilty when his own analysis of the evidence indicates that the verdict was contrary to the evidence, i. e., there is reasonable doubt as to the guilt of the defendant. This power is exclusively vested in the trial judge. The Supreme Court is limited to a review of the law, and may not review facts in a criminal case. LSA-Const. Art. VII, Sec. 10. This limitation is expressed in LSA-C. Cr.P. Art. 858, which provides:
"`Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law.'
"[10] Thus, we have uniformly held that a bill of exceptions reserved to the refusal of the trial judge to grant a new trial when the motion is based on Art. 851(1) presents nothing for our review. State v. Crockett, 262 La. 197, 263 So.2d 6 (1972); State v. Williams, 262 La. 160, 262 So.2d 507 (1972); State v. Landry, 262 La. 32, 262 So.2d 360 (1972); State v. Singleton, 252 La. 976, 215 So. 2d 512 (1968); State v. Stokes, 250 La. 277, 195 So.2d 267 (1967)." 286 So.2d at 351.
The defendant has recognized this limitation on our review. He alleges, however, *347 that the trial court refused to pass upon the sufficiency of the evidence, and that under State v. Daspit, 167 La. 53, 118 So. 690 (1928), such a refusal is an error of law which this Court may review.
Accordingly we have reviewed the record to determine if indeed the trial court neglected or refused to rule upon the sufficiency of the evidence supporting the defendant's conviction. If all that we had before us were the transcript at the hearing on the motion for a new trial, we would be inclined to agree with counsel that the judge had refused to rule upon the sufficiency of the evidence. However, we also have before us the trial court's per curiam to the defendant's bill of exception in which the trial judge specifically states that "ample evidence was presented to the petit jury to support a conviction." Thus, we have a ruling of the trial court on the sufficiency of the evidence and it would serve no useful purpose for us to remand the case under these circumstances to direct that the judge rule since he has effectively already done so.
We now turn our attention to the defendant's second assertion which is, in effect, a claim that he was denied the effective assistance of counsel as guaranteed to him by the Sixth Amendment to the United States Constitution. For a full understanding of the defendant's complaint, it is necessary to review the facts surrounding the conviction as adduced at the hearing on the motion for a new trial.
The armed robbery of which the defendant was convicted occurred on March 27, 1973, at 7:30 p. m. in Rayville. Approximately one week thereafter, the defendant was arrested in Dallas, Texas (although the defendant was from Rayville, he had been living and working in Dallas) and returned to Rayville. Mr. Boies was appointed to represent the defendant, who was indigent at the time.
According to the testimony of Mr. Boies, he first consulted with the defendant shortly after arraignment was held on October 24, 1973. At that time, Mr. Boies "took a statement from [the defendant] as to his basic skeleton of his defense, what his position was . . ." His notes further indicate that he told the defendant to return to his office in a week or so, that he needed to talk to the district attorney and the investigating officer, and that he thought they would have until the (following) fall to work out a defense. Mr. Boies was unsure whether the defendant made another visit to his office, but recalled that a female relative of the defendant had, on one occasion, come to his office to discuss the case, but "I didn't know that much to discuss."
The defendant and his attorney had no further consultation. Indeed, Mr. Boies quite frankly admits that he "probably forgot about the case" until he was notified that it was scheduled for the spring petit jury term of 1974, specifically for Monday, March 25, 1974. After receiving this notification, Mr. Boies testified that he believes that he advised the court that he had not seen the defendant in months and further, that he did not know how to locate him.[2] He was certain that he proceeded to speak of his problem with the assistant district attorney of Richland Parish, who informed him that there were numerous felony cases (in excess of 20) set for trial on Monday, March 25, and that he (the assistant district attorney) was of the firm opinion that the Delhi Bank robbery case would begin that Monday morning and last for several days. However, the Delhi Bank robbery case was delayed, and Mr. Boies states that he was informed on Monday morning that the defendant was going *348 to be prosecuted that day. This prompted Mr. Boies to request (orally) that he be relieved as counsel, on the grounds that his client had not cooperated (by not remaining in contact) and further, to ask orally, for a continuance. Both of these requests were denied and the case proceeded to trial. In summary, Mr. Boies agreed that it would be accurate to say that he was "totally unprepared for the defense of the case."
Mr. Lowen B. Loftin, assistant district attorney for the Parish of Richland, testified that he had indeed informed Mr. Boies that the Delhi Bank robbery case would be the first one called on Monday, March 25, and that it would take at least three days to try. Mr. Loftin was unsure as to when he informed Mr. Boies that such was no longer the situation, testifying that he could not remember whether it was Monday morning (as Mr. Boies asserted) or the previous Friday.
According to the testimony of the defendant, Frank Landrum, he spoke with Mr. Boies on three occasions (the defendant was not asked to elaborate on what occurred on those three occasions and, considering the testimony of Mr. Boies, it is unlikely that all three of the occasions were actual consultations or trial preparation sessions). He further testified that he made several additional visits to Mr. Boies' office,[3] including one visit shortly after receiving notification that his case was set for trial, but that Mr. Boies was not in the office on those occasions, and thus he left after informing the secretary of his identity.[4]
To summarize the evidence presented by defendant at the hearing on the motion for a new trial, defendant's attorney, because of a combination of factors (the attorney's failure to secure an address for the defendant; the defendant's failure to make greater effort to contact his attorney; and the assistant district attorney's understandably, but nevertheless incorrectly, informing the defendant's attorney that trial would not proceed on the scheduled date) contends that he was unprepared for trial on Monday, March, 25, 1974. It does not necessarily follow, however, that the defendant has been denied his Sixth Amendment entitlement to the effective assistance of counsel.
In Chambers v. Marony, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the United States Supreme Court was faced with a claim of ineffective counsel premised on the fact that the petitioner met his court-appointed attorney for the first time while on his way to the courtroom for trial. The claim that counsel was ineffective centered around a contention that he made inadequate attempts to exclude allegedly illegally seized evidence. The United States Supreme Court agreed with the finding by the appellate court that the seized items were either admissible or that their admission was harmless error and thus concluded that the petitioner's claim of prejudice resulting from unprepared counsel was without merit.
We interpret Chambers to stand for the proposition that a defendant who alleges unprepared (and thus ineffective) counsel must couple that allegation with a specific showing of prejudice.
Unlike the petitioner in Chambers, the defendant in the instant case was afforded a full evidentiary hearing (on his motion for a new trial) at which to demonstrate that his court-appointed attorney's lack of preparation (including an absence of pre-trial preparations) resulted in prejudice. At this hearing, the defendant presented no evidence to show the availability of an alibi witness. His alleged alibi witness, an elderly resident of Longview, Texas, was not subpoenaed and was not present at the hearing, despite the *349 fact that the defendant, by then represented by retained counsel, had three months from the time of his conviction until the hearing on the motion in which to locate and produce the witness. The defendant did not even so much as attempt to present an affidavit or deposition taken from this purported witness. Thus, the defendant failed to prove that he was denied the opportunity to present an alibi defense, for he has not shown that such a defense actually was available to him.
There has been no specific showing of prejudice because of counsel's alleged unpreparedness.[5] And we are not prepared to say that prejudice is presumed where counsel alleges he was unprepared to go to trial (even if we assume that this is true) in a case such as the present where counsel was appointed approximately a full year before trial and the defendant during this period was free on bond.
We come now to the third ground presented in the defendant's motion for a new trial. This assertion, "that the ends of justice would best be served by granting defendant a new trial," is based upon Article 851(5), Code of Criminal Procedure, which provides:
"The court, on motion of the defendant, shall grant a new trial whenever:
. . . . . .
"(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right."
The official revision comment concerning the above provision states that it "continues the plenary authority of the judge to order a new trial to do justice, even when the motion is not based on a legal ground for a new trial." Thus, a motion for a new trial grounded upon Article 851(5) is a matter presenting itself to the discretion of the trial judge and is not subject to review by this Court except for error of law. Article 858, C.Cr.P.
A clear abuse of discretion by the trial court in denying a motion for a new trial, premised upon Article 851(5), has been found to be an error of law. State v. Randolph, La., 275 So.2d 174 (1973), State v. Truax, 222 La. 463, 62 So.2d 643 (1953). The defendant contends that such an error has been committed in his case. Our review of the record does not demonstrate such an abuse, and consequently we will not disturb the ruling by the trial court.
Accordingly, after thorough consideration, we find no merit in the defendant's bill of exception. Nor do we discover any error upon inspection of the pleadings and proceedings in this case.
The defendant's conviction and sentence are affirmed.
SUMMERS, J., concurs in the result for the reasons assigned in the concurring opinion in State v. Gilbert, La., 286 So.2d 345 (1973).
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
The only bill of exceptions presented for our review alleges error in the trial court's denial of defendant's motion for a new trial. One of the grounds for that motion, in the words of the majority, "* * * is, in effect, a claim that he [the defendant] was denied the effective assistance of counsel as guaranteed to him by the Sixth Amendment to the United States Constitution. * * *" Thus, the claim is that defendant was denied a substantial federal constitutional right.
*350 Nonetheless, in ruling on the motion insofar as the issue of denial of effective counsel, and in its per curiam dealing with the same allegation, the trial court evidences an overwhelming concern with docket control and prevention of defense counsel's procrastination; I find these concerns difficult to understand when they are juxtaposed with defendant's constitutional right to effective counsel. The majority of this Court acknowledges the correctness of the defendant's allegation that his attorney had made absolutely no trial preparation in spite of the fact that the defendant had asserted to him the availability of an alibi defense. The defense attorney's testimony reveals that in spite of this information, he made no attempt to prepare a defense.
I am of the opinion that a denial of a motion for new trial which alleges ineffective assistance of counsel is erroneous in circumstances such as those present in this case, especially when undue emphasis is placed on matters which would more properly be controlled by sanctions against erring court-appointed attorneys. There are ample provisions in our law which provide the trial court with contempt powers which may be utilized when an attorney's deficiencies in trial preparation or trial appearance interfere with the expeditious handling of a court's docket. See, generally La.C.Cr.P. art. 17. See also La.C.Cr.P. art. 20 et seq.
It is my belief that the facts as established by the record and as stated by the majority exhibit that this defendant's court-appointed counsel failed to render reasonably effective assistance. There was a total lack of trial preparation and investigation; court-appointed counsel failed to present any defense independent of the defendant's testimony on his own behalf.
For the reasons stated above, I respectfully dissent from the majority's affirmance of the defendant's conviction and sentence.
NOTES
[1] He specifically alleged in the motion for a new trial that he had a witness who could place him in Longview, Texas, an hour and a half after the commission of the armed robbery.
[2] Mr. Boies admits that failing to get the defendant's address was an oversight on his part. He also notes, however, that there had been some indication by the defendant that he might retain counsel; further, Mr. Boies did not feel it was his responsibility to locate the defendant and persuade him to come to his office.
[3] The defendant was out on bond and gainfully employed during the period preceding his conviction.
[4] Mr. Boies' secretary did not maintain a record of office visitors.
[5] In fact the judge stated that "defense counsel did a creditable job of defending this defendant at trial."