351 So.2d 470 (1977)
STATE of Louisiana, Appellee,
v.
Harold ROLLINS, Appellant.
No. 59542.
Supreme Court of Louisiana.
October 10, 1977.
Rehearing Denied November 11, 1977.
*471 Paul C. Tate, Jr., Tate, Tate & Tate, Mamon, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, Dist. Atty., A. Bruce Rozas, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Rollins was convicted of murder, La.R.S. 14:30 (1950), and sentenced to life imprisonment. His defense was not guilty by reason of insanity at the time of the offense. Upon his appeal, he relies upon five assignments of error.
The most arguable assignments concern: (1) the denial of a continuance because of the defendant's inability to secure the presence of one of his two chief psychiatric witnesses (Assignment No. 2); and (2) the alleged abuse of discretion on the part of the trial court in denying a new trial, in view of the overwhelming and essentially uncontradicted psychiatric testimony of the accused's insanity at the time of the offense (Assignment No. 5).
The killing occurred in December, 1971. In June, 1972, the defendant was committed to a state mental hospital for examination with regard to his mental capacity to proceed, as well as to his sanity at the time of the commission of the offense. He was finally found to have the mental capacity to assist his defense in December, 1975, but because of his need for medication to retain his mental stability, he remained hospitalized until April, 1976, the month of his trial.
Denial of Continuance
Under the circumstances, we find no abuse of discretion in the trial court's refusal to grant a continuance. Continuance was sought, because defendant was unable to secure the attendance of a psychiatric witness (Dr. Mann), then in Texas.
The motion was made on the day the trial commenced (a Monday). The accused's counsel had not been able to receive a communication from Dr. Mann until four days earlier (a Friday).
However, a February fixing had been continued based upon the same allegation, including the information that Dr. Mann was then in Laredo, Texas. The February motion and the showing at the April motion indicate that the district attorney and defense counsel contemplated that an out-of-state subpoena would be issued for Dr. Mann, La.C.Cr.P. art. 741. No motion was ever made to obtain Dr. Mann's attendance by such a subpoena.
Immediately preceding the April motion for continuance, the defense counsel notified the state that he intended to offer into evidence the expert opinion of Dr. Mann in the form of the certified copies of the mental hospital records, La.R.S. 13:3714. The state did not object and in fact cooperated with the production before the jury of the full hospital records, which included reiterations of Dr. Mann's opinion based upon his two years' observation of the accused, that the accused was schizophrenic, and legally insane at the time of the offense.
In denying the continuance, the district court relied: (1) upon the availability of these records (which were later read to the jury) in lieu of Dr. Mann's testimony, La.C.Cr.P. art. 710; (2) upon the circumstance that testimony from the other psychiatrist (Dr. Birchard), with extensive similar observation of the accused at the mental hospital, would testify to the same effect based virtually upon the same data; (3) upon the circumstance that defense counsel was unable to show with any probability that he would be able to make Dr. Mann available for the date to which the trial would be continued, La.C.Cr.P. art. 709(2) (Dr. Mann being unwilling to return to Louisiana and apparently unwilling to furnish a precise *472 address at which he might be subpoenaed); and (4) upon the circumstance that a continuance had been granted previously upon the same ground as continuance was now sought, but counsel had been unable to secure Dr. Mann's presence at this later trial date two months later.
Because of these cumulative reasons, we are unable to hold that the trial court abused its discretion in denying this second continuance sought.
Denial of a New Trial
The principal ground urged for the new trial was that the verdict was contrary to the law and the evidence La.C.Cr.P. art. 851(1). The specified reasons urge that psychiatric testimony overwhelmingly showed that the accused was insane at the time of the crime. (If because of "a mental disease . . . he [the accused] is incapable of distinguishing between right and wrong" insofar as the killing, the accused is exempt from criminal responsibility for it. La.R.S. 14:14.)
Dr. Birchard testified positively that, based on the extensive records at the mental hospital and upon his own repeated examinations, he was of the firm opinion that the accused did not know the difference between right and wrong at the time of the crime. He believed that the accused committed the crime because of paranoid delusions, precipitated by the effect of the attendant circumstances upon his underlying schizophrenia.
The extensive records of the state mental hospital indicate Dr. Mann's opinion to be the same.
Dr. Birchard testified that, of the hundreds of mental examinations he had made, he was never more sure of an opinion than of his in the present case.
La.C.Cr.P. art. 851(1) permits the trial judge to grant the defendant a new trial, if in his opinion the evidence is insufficient to convict. Official Revision Comment (d), State v. Jones, 288 So.2d 48 (La.1974); State v. Daspit, 167 La. 53, 118 So. 690 (1928). On the other hand, unless the trial court's discretion in the matter is abused, the alleged insufficiency of the evidence is no ground for appellate review; the reviewing court's jurisdiction extends only to questions of law, and not to the sufficiency of the facts of guilt or innocence. La.Const. of 1974, Art. 5, Section 5 (C); State v. Plummer, 281 So.2d 716 (La.1973).
In the exercise of his discretion, the trial judge's granting or refusal of a new trial will not be disturbed on review in the absence of clear abuse. State v. Credeur, 328 So.2d 59 (La.1976); State v. Randolph, 275 So.2d 174 (La.1973).
With regard to the issue of insanity at the time of the offense: A defendant is presumed to be sane at that time. State v. Marmillion, 339 So.2d 788 (La.1976). The defendant has the burden of establishing the defense of insanity at the time of the crime. La.C.Cr.P. art. 652; State v. Craig, 340 So.2d 191 (La.1976). The determination of whether the defendant was insane at the time of the crime is a fact question reserved for the jury. State v. Daigle, 344 So.2d 1380 (La.1977); State v. Clark, 305 So.2d 457 (La.1974).
Considering these principles, and under the evidence introduced, we cannot say that the trial court abused its discretion by denying a new trial upon the ground urged: namely, because of grave doubt as to the sufficiency of the evidence supporting the jury's finding of sanity.
The defendant's medical evidence indicated that the underlying schizophrenia had periods of remission. Neither of defendant's psychiatrists personally examined him until approximately two years after the offense, while the mental hospital records did not themselves commence until seven months after the offense.
The state introduced the testimony of another psychiatrist who had interviewed the accused shortly after his admission to the mental hospital. The doctor admitted that he did not then accomplish a final diagnosis; however, he testified that his initial impression was that the accused exhibited *473 no signs of psychosis upon admission but was simply an anti-social personality. This psychiatrist further testified that he felt it impossible for a psychiatrist to determine whether an accused had known the difference from right or wrong at the time of his crime, if the psychiatrist did not examine the accused until eighteen months or more after the crime had been committed (as had the accused's psychiatrists).
In addition, the accused's actions immediately before and immediately after the crime could afford some basis for jury doubt that his behavior resulted from a mental condition, rather that simply from a desire for revenge because he had been told to leave the victim's premises.
No lay witnesses from the community testified as to bizarre behavior in the past. The defense is based solely upon the strong expert evidence of legal insanity, based primarily on interviews with and observations of the accused some two years after the offense. This, however, is somewhat countered by evidence permitting reasonable factual inference to the contrary of their opinion.
We cannot say the evidence that the accused was not guilty by reason of insanity is so insufficient that the trial judge abused his discretion by denying a new trial.
Other Assignments
The other assignments are without merit:
Assignment 2: The trial court did not err in refusing a special written charge, because the general charge fairly conveyed its substance. La.C.Cr.P. art. 807.
Assignment 3: The general charge stating the burden of the defendant to establish insanity, La.C.Cr.P. Art. 652, could have been clearer; but it does not misstate the law or constitute reversible error.
Assignment 4: Inadvertently, after agreeing on defendant's objection to delete it, the trial court in defining for the jury a legal presumption and listing various examples (e. g., "that the defendant is innocent"), included as one of the examples "that the grand jury was legally constituted."
The state agrees that, upon objection, this example should have been deleted, if defendant felt that it unnecessarily reminded the jury of the grand jury indictment. However, as the state likewise urges, this oblique reference to the grand jury was not prejudicial to the defendant (since the legal constitution of the grand jury was not remotely an issue in the case), especially since the trial court had earlier emphasized that a grand jury indictment carried no weight of presumption of guilt and that an indictment should not influence the jury in its consideration of the case.

Decree
Accordingly, finding no merit to the assignments of error, we affirm the conviction and sentence.
AFFIRMED.
SANDERS, C. J., concurs.
SUMMERS, J., concurs.
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice (concurring).
I disagree with the majority treatment of the denial of a new trial. Where error is assigned to the refusal of the trial judge to grant a motion for a new trial grounded on the allegation that the verdict is contrary to the law and evidence (La.Code Crim.P. art. 851(1)), nothing is presented for our review. State v. Jack, 332 So.2d 464 (La. 1976). Accordingly, I respectfully concur in the result.