325 So.2d 231 (1975)
STATE of Louisiana
v.
Richard Ellman STRAHAN.
No. 56717.
Supreme Court of Louisiana.
December 8, 1975.
Rehearing Denied January 16, 1976.
Concurring Opinion January 28, 1976.
*232 James D. Johnson, Jr., Franklinton, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., John N. Gallaspy, Second Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Richard Ellman Strahan was indicted by the grand jury for the Parish of Washington for aggravated rape committed on February 9, 1969 in violation of La.R.S. 14:42. After trial by jury, he was found guilty without capital punishment. He was subsequently sentenced to life imprisonment at hard labor. On December 13, 1974, an out-of-time appeal was ordered by this court. On this appeal, defendant relies upon four arguments for reversal of his conviction and sentence.
After church on February 9, 1969, the victim and her fiance drove in their car to the outskirts of Bogalusa where they parked. They reached this area about 8:30 or 9:00 p.m. While seated in their car talking, another vehicle pulled up. Two masked men armed with guns came to their car and attempted to rob the couple. They were then locked in the trunk of their car by the masked men. One of the robbers drove the fiance's car with the couple locked in the trunk while the other robber followed in the robbers' car. They drove around for about fifteen or twenty *233 minutes. Thereafter, in a wooded area outside of Bogalusa, the girl was removed from the trunk, handcuffed and blindfolded. She was then taken to the back seat of the robbers' car where she was raped by one of these men. Her fiance remained locked in the trunk of his car. The other man stood guard at this vehicle located about one hundred yards from where the crime took place. Both men wore masks during the entire episode. After the commission of the crime, the victim was released, and the two men left the scene in their vehicle.
At the outset, it should be noted that the state's case consisted of the testimony of three witnesses: James Glenn Ritchie, Dale Thomas and the victim. James Glenn Ritchie, brother-in-law of defendant, testified in detail concerning the events of the crime. He was defendant's accomplice. His testimony generally corroborated the testimony of the victim regarding the events surrounding the commission of the crime. Dale Thomas, deputy sheriff, testified regarding the recovery of the handcuffs from defendant's tool box at his place of employment and the jacket from the trailer where defendant resided. The victim testified as to all facts relating to this crime. Her present husband, fiance at the time of the crime, was in the armed services in Germany at the time of trial and did not testify. Defendant did not take the stand in his own behalf. However, four alibi witnesses were presented.
A careful reading of the record reveals that the state fairly presented the state's evidence. It is also clear that defense counsel extensively cross-examined each of the state's witnesses and made timely objections where necessary. Both defense and state objections were either overruled or sustained depending upon their merit. It is evident from the record that defendant was afforded a fair and impartial trial conducted in a dignified manner. With the foregoing in mind, we will proceed to review each of the arguments set forth by defendant's court-appointed counsel in this out-of-time appeal.

I.
The first argument is that defendant is entitled to reversal of his conviction and sentence since he was denied effective assistance of counsel. Various grounds are urged in support of this contention.
Failure of trial counsel to take an appeal is claimed as evidence of the ineffectiveness of his representation. Only under unusual circumstances, not present here, would the failure of counsel to take an appeal reflect upon his effectiveness at trial. Besides, any complaint regarding the failure to take an appeal is cured by the granting of this out-of-time appeal. As further evidence of his ineffectiveness, counsel for defendant points to the fact that no pre-trial motions were filed, specifically noting no suppression of the handcuffs and jacket was sought. The record reveals that the handcuffs were recovered from defendant's place of employment with the consent of his employer. Hence, the search and seizure was based on a valid consent. There was testimony that the jacket was recovered from defendant's trailer pursuant to a search warrant. No claim is asserted as to any irregularity in the issuance and/or execution of the warrant. Therefore, there is no apparent reason which would have prompted trial counsel to file such a motion. Further, failure of trial counsel to adequately question alibi witnesses, properly investigate the case, make an opening statement, have defendant take the stand, request particular special charges, and object to certain questions asked of witnesses at trial are all claimed to clearly show that defendant was not adequately and effectively represented at the trial. We do not agree. These charges are either leveled at decisions made by counsel during the heat of trial, the correctness of which cannot be determined by hindsight, or the validity of which is not evident from the record. Additionally, *234 many objections made by trial counsel were sustained. Other objections were made and overruled. Ordinarily in an out-of-time appeal, we consider such objections when they are specifically assigned as reversible errors. However, the objections here are referred to in brief only in support of the contention that trial counsel was ineffective and are not assigned as reversible errors per se. Nevertheless, we have reviewed each of these objections and find them to be without merit. Hence, they were correctly overruled, and trial counsel's failure to reserve bills of exceptions for appellate review is of no moment and does not reflect adversely on defendant's representation at trial.
We are asked to examine the entire record to determine whether defendant was denied effective assistance of counsel. This we have done and conclude that there is no substance in this complaint. To the contrary, we are satisfied that defendant was effectively represented by trial counsel. As previously noted, he vigorously cross-examined the state's witnesses, made timely objections where necessary, and presented a proper defense. It should be observed that, despite the overwhelming evidence against defendant, the jury returned a verdict of guilty without capital punishment.

II.
Defendant next contends that the summary dismissal of his motion for a new trial by the trial judge constitutes reversible error.
The motion for a new trial alleges that the verdict is contrary to the law and the evidence. Defendant contends that the trial judge, according to the minutes of April 21, 1970, overruled the motion failing to decide whether the evidence supported the jury verdict. He relies upon this court's holding in State v. Jones, 288 So.2d 48 (La.1973).
This case is clearly distinguishable from Jones, where the trial judge in his reasons for denying the motion for new trial stated in effect that the matter of deciding defendant's guilt was entirely up to the jury and it would be wrong for the trial judge to upset the verdict of the jury and grant a new trial. Here, there is nothing in the record to indicate that the trial judge refused to decide whether there was sufficient evidence to support the verdict of the jury before denying the motion for a new trial. The minutes merely recite that the motion was overruled. Hence, defendant made no showing to support this contention.

III.
Defendant contends that the state failed to prove the elements of the crime of aggravated rape and consequently his conviction and sentence should be reversed and set aside.
The record is to the contrary. It reveals ample evidence to support each element of the crime of aggravated rape as defined in La.R.S. 14:42. While the prosecutrix was unable to identify her assailant because he wore a mask during the entire time, she testified that she was in fact raped, describing the details of the act. The accomplice did not witness the actual commission of the act itself but identified defendant as the person who took the victim into the back seat of the automobile during which time the act was committed. The victim had been handcuffed. Handcuffs recovered from defendant's tool box were identified as similar to the ones used by defendant and were received in evidence. Likewise, a jacket recovered from defendant's trailer was identified as the one worn by defendant on the night of the crime and was admitted in evidence. The prosecutrix testified that she was in fear of her life because of the gun and switchblade displayed to her by the rapist. She further stated that she fought his advances until she could no longer resist and that her assailant *235 threatened to shoot her fiance if she resisted. In view of the foregoing, we find no merit in this contention.

IV.
The last assigned error is that the accused did not "personally" and "expressly" waive the required delay between the overruling of the motion for a new trial and the sentencing.
The minutes of April 21, 1970 recite:
The defendant being present in open Court in person and through counsel and a motion for a new trial having been previously filed, the Court hereby overrules the motion for a new trial. Whereupon, Mr. Watts stated that the defendant personally and through counsel waived the delays for sentence. (Emphasis added.) The argument of counsel that defendant did not personally and expressly waive this delay is untenable. The minutes reflect that defendant expressly waived the delay. Cf. State v. Jones, 288 So.2d 48 (La.1973). Hence, there is no merit in this contention.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
SUMMERS, J., concurs and will assign reasons.
SUMMERS, Justice (concurring).
In Part II of the majority opinion there is an inference that the trial judge can decide the sufficiency of the evidence to sustain the jury verdict. In my concurring opinion in State v. Jones, 288 So.2d 48 (La.1973), I pointed out the constitutional impediment to any effort on the part of the trial judge to override the jury verdict on a question of fact on the issue of guilt or innocence. Only when there is no evidence at all of the crime or an essential element thereof is a question of law presented which would authorize the trial judge to set aside the verdict of the jury and grant a new trial. To permit the trial judge to rule on the sufficiency of the evidence on a motion for a new trial and deny him the right to direct a verdict would be to permit by indirection what is directly prohibited. For it is my opinion that a directed verdict is not permitted in a jury trial because the constitution does not permit the judge to veto the jury verdict. La.Const. Art. V, § 5(C) (1974); La.Code Crim.Pro. Art. 778 as amended in 1975; State v. Billy House, 325 So.2d 222, (La.1976), dissenting opinion.
For these reasons, I concur.