337 So.2d 469 (1976)
STATE of Louisiana
v.
Alfred FLOWERS.
No. 57694.
Supreme Court of Louisiana.
September 13, 1976.
*470 Sargent Pitcher, Jr., Pitcher & French, Ltd., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Robert H. Hester, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Alfred Flowers was charged by bill of information with the armed robbery of Joseph Rickels, in violation of La.R.S. 14:64. After trial by jury, he was found guilty as charged and thereafter sentenced to serve forty-five years at hard labor. On appeal, defendant relies upon eleven assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENTS OF ERROR NOS. 1, 2, 4, 11 AND 15
These assignments of error relate to rulings of the trial judge permitting introduction of evidence of other offenses to prove system, knowledge and intent under *471 La.R.S. 15:445 and 446 after notice given in compliance with State v. Prieur, 277 So.2d 126 (La.1973). Defendant urges that the state's notice of intention to use evidence of other offenses was not furnished within a reasonable time before trial and did not specify the details of the other offenses with the general particularity required of an indictment or information as required by the safeguards set forth in Prieur. He further urges that during the trial the state introduced evidence of a crime not covered by the notice.
The pertinent portion of the safeguard in Prieur to which defendant refers is:
The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. No such notice is required as to evidence of offenses which are a part of the res gestae,. ...
Defendant was charged by bill of information with the armed robbery of Joseph Rickels, an employee of Stop and Go Market on Old Hammond Highway in Baton Rouge on July 17, 1974. After various preliminary motions, the matter was assigned for trial for January 20, 1975. On January 16, 1975, the state served defense counsel with a "Prieur Notice" informing him of the state's intention to introduce evidence of the armed robbery of two other convenience stores committed a few hours earlier on the same day as the crime charged (July 17, 1974). The crime charged occurred at 11:00 p.m., whereas the other two robberies took place at 5:30 p.m. and 10:15 p.m., respectively. The notice recites that the offender in each of the three robberies was described as being a black male about 5'-9" in height, weighing approximately 150 pounds, armed with a .22 caliber revolver and wearing a dark colored hat or cap. In the crime charged and the one occurring at 5:30 p.m., the perpetrator was driving a yellow Vega with black trim. The money taken from the 10:15 p.m. robbery was placed in an Olincraft Evangeline No. 12 paper bag. The notice further sets forth that when the accused was arrested for the crime charged, he was driving a yellow Vega with black trim, and an Olincraft Evangeline No. 12 paper bag containing money was found in the vehicle.
On January 20, 1975 (date the matter was set for trial), the case was continued on defendant's motion; however, the question of the sufficiency of the Prieur notice was argued and submitted. No ruling was made by the trial judge. Nevertheless, the state mailed an "Amending and Supplemental Prieur Notice" to defense counsel on March 14, 1975. The notice sets out the names and locations of the other convenience stores robbed, as well as the identity of the victims. There is a reiteration of the state's intention to introduce evidence of these other two robberies in the prosecution of the crime charged to prove system, knowledge and intent. It also states that the offender in all three robberies was driving a yellow Vega, used a small caliber pistol and was described as a black male about 5'-9" and weighing approximately 150 pounds. Furthermore, at least one, if not both, of the victims would be able to make a positive identification of defendant as the perpetrator of the armed robberies.
The case was reassigned on several occasions but finally came up for trial on April 14, 1975. Prior to trial on that date, the state filed of record the "Amending and Supplemental Prieur Notice." The matter was argued, and the court ruled that an adequate showing was made by the state to permit the introduction of evidence of the two other offenses set forth in the Prieur notice. The record does not reveal that defendant moved for a continuance after this adverse ruling.
In our view, the trial judge correctly ruled that the state had complied with the notice requirement in Prieur. The notice was certainly furnished within a reasonable time before trial. Defendant's complaint that the original notice was insufficient in that it did not supply the locations of the robbed stores and the names of the victims is without substance. In Prieur, we stated *472 that the notice must describe the other offenses with the same "general particularity required of an indictment or information."[2] This does not mean that every detail of the other offenses must be set forth in the notice. In any event, the lack of information about which defendant complains was furnished him in the "Amending and Supplemental Prieur Notice" which the state certified was mailed to defense counsel on March 14, 1975 (some thirty days prior to trial). The record does not contain any evidence to the contrary. It matters not that this supplemental notice was not filed of record until the date of trial when actual notice had been previously given. After all, the purpose of the notice is to prevent surprise on the part of a defendant. Moreover, even assuming defense counsel did not become aware of the additional information until the date of trial, there is no showing of surprise or prejudice, nor did defendant move for a continuance.
Likewise, there is no merit to defendant's final contention that the state introduced evidence of a crime not covered by the notice, I. e., that Rickels, the victim of the crime charged, was shot by the perpetrator of the robbery and that money was taken from a customer at the time of this robbery. Clearly, the shooting of Rickels and the taking of money from a customer during the course of the robbery are all part of the res gestae. La.R.S. 15:447-448; State v. Curry, 325 So.2d 598 (La.1976); State v. Matthews, 292 So.2d 226 (La.1974); State v. Jefferson, 284 So.2d 882 (La.1973). Prieur specifically recognizes that "[n]o such notice is required as to evidence of offenses which are a part of the res gestae,".... State v. Mays, 315 So.2d 766 (La.1975).
Assignments of Error Nos. 1, 2, 4, 11 and 15 are without merit.

ASSIGNMENT OF ERROR NO. 10
Defendant contends that the trial judge erred in permitting the victim (Rickels) to make an in-court identification of him. He urges that, since this witness admittedly had poor eyesight without glasses and was required to remove his glasses during the robbery, his in-court identification was "tainted." He claims that this resulted in a denial to him of a "fair and impartial trial."
Rickels testified that he observed defendant face to face in a well-lighted store for some four minutes before he was required to remove his glasses. During this period, defendant pointed a gun at him and ordered him to remove the money from the cash register and put it into a paper bag. It was at this time that he was told to remove his glasses. Thereafter, he was instructed by defendant to take the money out of the safe and place it into the bag with other articles of merchandise. The victim was then ordered to put the bag into defendant's car (yellow Vega with black stripes). As they left the store, defendant fired a shot at the store. When Rickels finished putting the stolen merchandise into the Vega, he was told to walk back to the store, at which time Rickels was shot in the hip by defendant. Rickels made a positive in-court identification of defendant. He testified that he had not attended any lineup nor were any photographs displayed to him for the purpose of identifying defendant.
The contention made by defendant in this assignment of error is completely without merit. First, defendant did not object to the in-court identification by Rickels of defendant. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La.Code Crim.P. art. 841. Hence, nothing is presented for our consideration. In any event, the question of the validity of the in-court identification is a question for the jury to decide. State v. Bland, 310 So.2d 622 (La.1975); State v. Williams, 310 So.2d 513 (La.1975).

Assignment of Error No. 10 is without merit.

*473 ASSIGNMENT OF ERROR NO. 12
Defendant contends that the trial judge erred in permitting the gun to be introduced in evidence when it had not been properly identified as having been related to the case.
When the gun was offered in evidence by the state, defense counsel, while objecting to the identification of other offerings, specifically stated: "I don't object to the offering of the gun." An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La.Code Crim.P. art. 841. Hence, nothing is presented for our review. In any event, the identification of the gun was amply established by the evidence. It was clearly more probable than not that the gun was related to the case. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).

Assignment of Error No. 12 is without merit.

ASSIGNMENT OF ERROR NO. 13
Defendant contends that the trial judge erred in denying his request to have the state produce the identification slip signed by the witness Parnell when he viewed a lineup.
Charles F. Parnell was the victim-employee of Pak-a-Sak, one of the other convenience stores robbed on July 17, 1974. His testimony was offered by the state to prove system, knowledge and intent under La.R.S. 15:445 and 446. Parnell was not asked by the state on direct examination to identify defendant as the person who robbed him. On cross-examination, Parnell testified that he attended one lineup at which time he selected the man in the "No. 6" position as the person who robbed him. He marked his selection on a slip of paper and gave it to a deputy sheriff. The witness was then presented with two photographs of different lineups in which Parnell identified the man who robbed him as being in the "No. 1" and "No. 3" positions, respectively, and not in the "No. 6" position. He admitted that the man in the "No. 6" position in each of the pictures was someone other than the man who robbed him. The record is unclear as to whether there were two or three lineups. Finally, defense counsel elicited an in-court identification of defendant from this witness.
During the course of the cross-examination of Parnell, defense counsel sought to have the state produce the identification slip signed by Parnell at the lineup. The state's objection was sustained by the trial judge, which ruling forms the basis of this assignment of error. We find no error in the trial judge's ruling. First, the state made no reference to the identification of defendant during its direct examination of this witness. Rather, the issue was first raised during the cross-examination by defense counsel. Secondly, defense counsel got before the jury the fact that the witness had selected "No. 6" at the lineup he had attended, whereas the man who robbed him was "No. 1" and "No. 3," respectively, in the two photographs of the separate lineups presented to him. Thus, the witness' misidentification of defendant at the lineup was clearly before the jury, and the identification slip showing that he selected "No. 6" would have added nothing further to his testimony. We find no prejudice to defendant resulting from the ruling of the trial judge. Hence, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 14
Defendant contends that the trial judge erred in denying his motion for a directed verdict of acquittal made after the close of the state's evidence. The motion was grounded on the lack of proper identification of the accused by the witnesses to the armed robbery charged.
There is no merit to this contention. This court can find error in the trial judge's denial of a motion for directed verdict and reverse the conviction only when there is no evidence of the crime or an essential element thereof. La.Code Crim.P. art. 778 (1966);[3]State v. Douglas, 278 So.2d 485 *474 (La.1973). In the instant case, the victim (Rickels) specifically identified defendant as the person who robbed him. Clearly, this is some evidence that defendant was the person who committed the crime charged. State v. Williams, 310 So.2d 513 (La.1975). Hence, this assignment of error is without substance.

ASSIGNMENT OF ERROR NO. 16
Defendant contends that the trial judge erred in overruling his motion for a new trial. He urges that the verdict is contrary to the law and evidence for lack of identification of the accused. He also reurges objections made during the course of the trial. Finally, he argues that, when a motion for a new trial is grounded on the allegation that the verdict is contrary to the law and the evidence, it is the duty of the trial judge to pass upon the sufficiency of the evidence and that his failure to do so is reversible error, citing State v. Jones, 288 So.2d 48 (La.1974).
Considering the allegation herein as one claiming that there is no evidence of the identification of the defendant, we find no merit in the contention. As noted under the previous assignment of error, the victim (Rickels) made a positive identification of defendant as the person who robbed him. Certainly, this constitutes some evidence of defendant's identification as the perpetrator of the crime charged. Secondly we have reviewed all objections urged under the assignment of errors and found them to be without merit. For the same reasons, we find the objections reurged in the motion for a new trial to be without substance. Finally, we do not find that the failure of the trial judge to assign reasons for the denial of a new trial constitutes a failure to decide whether the evidence supports the verdict of the jury. The minutes simply recite that the motion was overruled. It can be assumed, absent anything in the record to the contrary, that the trial judge, in denying defendant's motion for a new trial, concluded that the evidence supported the verdict of the jury. State v. Strahan, 325 So.2d 231 (La.1976). State v. Jones, 288 So.2d 48 (La.1974) is clearly distinguishable from the instant case.
In sum, Assignment of Error No. 16 is without merit.

ASSIGNMENT OF ERROR NO. 17
Defendant contends that the trial judge erred in sentencing him on the same day his motion for a new trial was denied, contrary to the provisions of article 873 of the Code of Criminal Procedure. He urges that the record does not affirmatively show that the delay was waived by him or his counsel.
Article 873 requires a twenty-four hour delay between overruling the motion for a new trial and sentencing. The article concludes: "If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately." According to the minute entry of September 12, 1975, defendant was present in court with his counsel at which time his motion for a new trial was denied and he was sentenced. While there is no indication in the minutes that the delay was waived, the transcript of the sentencing on September 12, 1975 clearly shows that the court asked defendant if he wished to be sentenced on that date, and his counsel replied in the affirmative. In our view, this constitutes an express waiver of the delay. See State v. Strahan, 325 So.2d 231 (La.1976); cf. State v. Jones, 288 So.2d 48 (La.1974). Hence, there is no merit in this assignment of error.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
SUMMERS, DIXON and DENNIS, JJ., concur.
NOTES
[1] Assignments of Error Nos. 3, 5, 6, 7, 8 and 9 have not been briefed nor argued by defendant and are therefore considered abandoned. State v. Blanton, 325 So.2d 586 (La.1976).
[2] In State v. James, 305 So.2d 514 (La.1974), this court declined to hold invalid an armed robbery information which charged the robbery of a company, instead of a person, characterizing the defect as technical. See also State v. Randolph, 334 So.2d 687 (La.1976).
[3] Article 778 was amended by Act 527, section 1 of 1975 to limit a motion for acquittal to judge trials; however, this amendment was not effective at the time of this trial and is therefore inapplicable.