379 So.2d 740 (1980)
STATE of Louisiana
v.
Arthur HILLS.
No. 65445.
Supreme Court of Louisiana.
January 28, 1980.
*741 Robert F. Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., David J. Cortes, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Arthur Hills was charged by bill of information with aggravated burglary in violation of La.R.S. 14:60. After trial by jury, defendant was found guilty. After conviction, but prior to sentencing, the district attorney filed an information accusing defendant of a previous felony conviction pursuant to La.R.S. 15:529.1 (Habitual Offender Law). After hearing, the trial judge found defendant to be an habitual offender and sentenced him to serve sixty years at hard labor with credit toward service of his sentence for time spent in actual custody prior to imposition of sentence. On appeal, defendant relies on seven assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in admitting in evidence his oral confession. He argues that the state failed to prove that the statement was free and voluntary.
At trial, outside the presence of the jury, Officer Daniel Pierson testified that he and his partner, Officer Doyle Berry, responded to a report of a prowler at the residence of the victim, an elderly man. He observed one subject flee the scene and the other, defendant, open the rear screen door as if to leave and then retreat back inside the house. The officers followed defendant into the house and immediately apprehended him in the rear room. Berry held defendant in custody while Pierson proceeded toward the front of the house and found the victim unconscious on the floor of his ransacked bedroom. Pierson testified that Officer Barry placed defendant under arrest and advised him of his Miranda rights. It was at this point that defendant made an oral statement. Officer Pierson stated that defendant was not promised anything to make the statement nor was he threatened or coerced in any manner. Defendant offered no evidence. The trial judge ruled that "the statement, whatever it was, was made freely and voluntarily." Defendant objected to this ruling. The jury was returned to the courtroom.
Before a confession may be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and was not made under the influence of fear, duress, intimidation, menaces, inducements or promises. La.R.S. 15:451. It must also be established that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers. La.R.S. 15:453. The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Matthews, 354 So.2d 552 (La.1978).
After reviewing the record, we are convinced, as was the trial judge, that the state satisfied its burden of affirmatively proving that the confession was freely and voluntarily made after defendant had been advised of his Miranda rights. Accordingly, the trial judge did not err in admitting the confession in evidence.
Assignment of Error No. 1 is without merit.

*742 ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in disallowing in evidence a copy of the transcript of the testimony of Officer Doyle Berry at the preliminary examination contrary to La.Code Crim.P. art. 295.
Officer Doyle Berry, the sole witness at the preliminary examination, testified on that occasion concerning the circumstances of defendant's arrest. Prior to trial, Berry, no longer a member of the police department, moved to an unknown location outside the state and thus was not available to testify at trial. During cross-examination of Officer Pierson, defendant offered in evidence the transcript of Berry's testimony at the preliminary examination and requested that it be read to the jury for the purpose of impeaching Pierson's testimony. The state objected on the ground of hearsay. The trial judge ruled that the transcript of Berry's testimony was inadmissible because it could not be used for the purpose of impeaching Pierson's testimony and because a proper foundation had not been laid for its introduction. Defendant objected to the trial judge's ruling. Later in the trial, after the state had rested its case, defendant reurged his request that the transcript of Berry's testimony at the preliminary examination be admitted in evidence. He offered the transcript as a defense exhibit. The trial judge ruled that the transcript could be read aloud to the jury but that a copy of the transcript would not be admitted in evidence. In response to the ruling, defense counsel informed the court, "Well, Your Honor, I think that it's indispensable for the Defense, and we do, very respectfully urge the admission of that, and we will be satisfied if that's the way Your Honor wants it, to have it just read to the jury." Thereafter, the entire transcript of the preliminary examination (consisting of Berry's testimony) was read to the jury by defense counsel.
La.Code Crim.P. art. 295 provides in pertinent part:
The transcript of the testimony of any other witness who testified at the preliminary examination is admissible for any purpose in any subsequent proceeding in the case, on behalf of either party, if the court finds that the witness is dead, too ill to testify, absent from the state, or cannot be found, and that the absence of the witness was not procured by the party offering the testimony.
The transcript of testimony given by a person at a preliminary examination may be used by any party in a subsequent judicial proceeding for the purpose of impeaching or contradicting the testimony of such person as a witness.
In view of the foregoing article, we conclude that the trial judge erred in refusing to admit the transcript of Officer Berry's testimony at the preliminary examination. However, since the entire transcript of his testimony was read to the jury, defendant suffered no prejudice. Hence, it was not a reversible error.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in allowing in evidence a "rights of arrestee" form (S-1). He argues that the form was irrelevant.
Officer Daniel Pierson testified that it was from this form that defendant was orally advised of his rights prior to making his statement. It contained the time and date defendant was advised of his rights and was signed by the officer (Berry) who administered the rights and the witness (Pierson) thereto. The form was executed after the statement had been made.
Clearly, the document was hearsay. State v. Martin, 356 So.2d 1370 (La.1978). However, La.Code Crim.P. art. 841 provides that a party must state at the time of his objection the "grounds therefor." The only ground stated for the objection was relevancy. The document was clearly relevant. In any event, the admission of the document in evidence was harmless error.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in denying his motion for a continuance of the trial based on the absence of a witness.
*743 After the trial had commenced, defendant moved for a continuance to enable him to locate an absent witness, Doyle Berry, the officer who had arrested him. The motion was denied; however, the trial judge ordered that an instanter subpoena be issued for Berry and granted a recess until the following morning so that defendant could attempt to locate the witness. The trial judge further ordered that the state furnish defendant any information it possessed relative to Berry's location. Despite defendant's efforts, Berry could not be located.
A continuance is not permitted after a trial has commenced; defendant apparently intended to move for a recess. La.Code Crim.P. art. 708. Officer Daniel Pierson, who was present when officer Berry arrested defendant, testified at trial concerning the circumstances of defendant's arrest. Moreover, the testimony of the absent witness, Officer Berry, was read to the jury at trial. Under the circumstances, we do not find that defendant was prejudiced by the ruling of the trial judge. Hence, the trial judge did not abuse his discretion in denying defendant's motion.
Assignment of Error No. 4 is without merit.

ASSIGNMENTS OF ERROR NOS. 5 AND 6
Defendant contends the trial judge erred in admitting in evidence the videotaped testimony of Paul Booker at the preliminary hearing. He argues that the videotapes and (S-4 and S-5) were "technically flawed" due to a "gap in the middle of the testimony" (Assignment of Error No. 5) and in denying his motion to suppress the tapes grounded on the claim that defense counsel lacked adequate time to prepare for the hearing because counsel was not appointed until the day prior to the hearing (Assignment of Error No. 6).
On July 6, 1978, on motion of defense counsel, John M. Blanchard, the trial judge allowed Blanchard to withdraw as counsel for defendant and appointed Frederick J. King, Jr., in his stead. On motion of the state, a preliminary hearing to preserve the testimony of the victim, Paul Booker, was held on July 7, 1978. At the time, Booker, an elderly invalid, was preparing to leave the state for Wisconsin so that he could be cared for by his daughter. Booker was deceased at the time of trial. Booker's testimony at the preliminary hearing was videotaped as well as transcribed. He was examined by the state and cross-examined by defendant concerning his knowledge of the crime with which defendant was charged. (Transcription of Booker's testimony consisted of twenty-two pages, seventeen of which covered his cross-examination.)
On December 4, 1978, defendant filed a motion to suppress the testimony grounded on the claim that counsel was not afforded sufficient time to prepare for the preliminary hearing. At the request of the state and the defendant, the trial judge viewed the videotapes at the suppression hearing. The motion to suppress was denied.
At trial, the videotapes (S-4 and S-5) were admitted in evidence and were presented to the jury. Because of some technical difficulty with the videotapes, the prosecutor read a certain portion of the transcribed testimony to the jury. After presentation of the videotaped testimony of Booker, each juror was furnished a copy of his transcribed testimony to which defendant specifically stated that he had no objection.
The record reflects that defendant made no objection at the preliminary hearing based on counsel's lack of time for preparation. The trial judge noted in a per curiam to this assigned error that defense counsel made no written or oral request for additional time in which to prepare for the hearing.
It is well settled that, before testimony given at a prior hearing may be introduced in evidence at a subsequent trial, without offending the confrontation and cross-examination clauses of the federal and state constitutions, certain conditions must be met: (1) defendant must have been represented *744 by counsel at the earlier hearing; (2) the witness testified under oath; (3) the witness was cross-examined or else there was a valid waiver of the right to cross-examination; (4) at the time of the trial, the witness (whether out of state or not) is unavailable or unable to testify; and (5) the state has made a good faith diligent effort to obtain the presence of the witness, including by its out-of-state subpoena powers where appropriate. State v. West, 363 So.2d 513 (La.1978); State v. Kaufman, 304 So.2d 300 (La.1974), cert. denied, 429 U.S. 981, 97 S.Ct. 495, 50 L.Ed.2d 591 (1976). All factors were satisfied here. Moreover, any claim of inadequate time to prepare for the hearing was waived by defendant's failure to object at the time of the hearing. La. Code Crim.P. art. 841. Finally, defendant's contention that the videotapes were improperly admitted in evidence because they were "technically flawed" due to a gap therein is equally without merit. Any possible prejudice resulting from a flaw in the tapes was remedied by the fact that each juror was supplied with a copy of Booker's transcribed testimony at the preliminary hearing. In sum, the trial judge did not err by admitting the videotaped testimony of Booker at the preliminary hearing in evidence at the trial.
Assignments of Error Nos. 5 and 6 are without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant contends the trial judge erred in denying his motion for a new trial in that he failed to decide whether the evidence was sufficient to support the verdict of the jury, citing State v. Jones, 288 So.2d 48 (La.1973).
The motion for new trial was grounded on the claim, inter alia, that the verdict was contrary to the law and the evidence. We are unable to assume that the failure of the trial judge to assign reasons for the denial of a new trial constitutes a failure to decide whether the evidence supports the verdict of the jury. The minutes simply recite that the "Court in due consideration of the evidence, denied the Motion for a New Trial." The trial judge noted in a per curiam to this assigned error that a new trial was denied because defendant had failed to show any injustice had been done to him. Accordingly, it can be assumed, absent anything in the record to the contrary, that the trial judge, in denying defendant's motion for a new trial, concluded that the evidence supported the verdict of the jury. State v. Flowers, 337 So.2d 469 (La.1976); State v. Strahan, 325 So.2d 231 (La.1975). State v. Jones, 288 So.2d 48 (La.1973) is clearly distinguishable from the instant case.
Assignment of Error No. 7 is without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.