WATSON, Justice.
Defendant, Joseph Citizen, was convicted by a jury of attempted armed robbery, in violation of LSA-R.S. 14:27; 14:64, and sentenced to serve ten years at hard labor. Defendant has appealed his conviction, assigning two errors by the trial court.
FACTS
Shortly after midnight, on December 1, 1980, an armed man attempted to rob Brenda Robinson, a store clerk at a 7-11 convenience store on Highway 171 in Lake Charles, Louisiana. Staked out behind a partition was Calcasieu Parish Deputy Sheriff Walter Waggoner who fired a .12 gauge shotgun at the miscreant. However, the man escaped, leaving his automobile and pistol in the parking lot. The automobile and gun were registered in the name of defendant Citizen.
About an hour later, Citizen called the state police from a washateria, which was about a mile and a half from the 7 — 11, and reported that his automobile had been stolen. Citizen was picked up and taken to the crime scene. While sitting in the police car, Citizen was separately identified by both Robinson and Waggoner.
After Citizen was charged with attempted armed robbery, a motion to suppress contested the propriety of his identification at the crime scene. At the hearing, deputy Waggoner, called as a witness by the defense, was questioned by both the defense and the state concerning his identification. The motion to suppress was denied.
Deputy Waggoner died prior to trial, due to natural causes. At the outset of trial, the state moved for a ruling on the admissibility of Waggoner’s prior testimony. The trial court ruled that the testimony was not admissible on the ground that defendant had not cross-examined the witness. Although the ruling was reversed by this court, the justices voting on the application noted:
“The prosecution, however, will introduce the evidence at the state’s risk, for the reason that a majority of this court *1053 might, on appeal in the event of conviction, overrule those judges present in ruling on .this application.” State v. Citizen, 409 So.2d 612 (La., 1981).
At trial the prior testimony of Deputy Waggoner was introduced, giving rise to the first assignment of error.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial court erred in admitting into evidence the prior testimony of a deceased witness where the defendant had no opportunity to cross-examine the witness.
Louisiana Code of Criminal Procedure Art. 295 B. provides as follows:
“B. The transcript of testimony of any other witness who testified at the preliminary examination is admissible for any purpose in any subsequent proceeding in the case, on behalf of either party, if the court finds that the witness is dead, too ill to testify, cannot be found, or is otherwise unavailable for testimony, and that the absence of the witness was not procured by the party offering the testimony.”
However, the use of prior testimony must not impinge on the defendant’s constitutional right to confront and cross-examine witnesses against him as guaranteed by the Sixth Amendment to the United States Constitution,[1] Art. 1, § 16 of the Louisiana Constitution[2] and the statutory provision of LSA-R.S. 15:273.[3]
To protect these constitutional rights, Louisiana jurisprudence has established five requirements:
“... [Bjefore testimony given at a prior hearing may be introduced in evidence at a subsequent trial, without offending the confrontation and cross-examination clauses of the federal and state constitutions, certain conditions must be met: (1) defendant must have been represented by counsel at the earlier hearing; (2) the witness testified under oath; (3) the witness was cross-examined or else there was a valid waiver of the right to cross-examination; (4) at the time of the trial, the witness (whether out of state or not) is unavailable or unable to testify; and (5) the state has made a good faith diligent effort to obtain the presence of the witness, including by its out-of-state subpoena powers where appropriate.” State v. Hills, 379 So.2d 740 at 743-744 (La., 1980).
Also see State v. West, 363 So.2d 513 (La., 1978); State v. Kaufman, 304 So.2d 300 (La., 1974), cert. denied 429 U.S. 981, 97 S.Ct. 495, 50 L.Ed.2d 591 (1976).
The only question here relates to condition number three, cross-examination. Defendant contends that, since Deputy Waggoner was his witness at the motion to suppress, the deputy was not cross-examined.
While counsel for defendant questioned the deputy only on direct and redirect examination, the questioning was tantamount to cross-examination because counsel asked many leading questions designed to probe *1054 the accuracy and reliability of the witness’ memory. Where there is substantial compliance with the purposes behind the constitutional requirement of confrontation because the form of the questioning at a previous proceeding clearly partook of cross-examination, the constitutional safeguard is satisfied. Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).
Therefore, all of the requirements for introduction of the prior testimony were met.
This assignment lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
“The trial court erred in allowing the prosecutor to use and introduce portions of the defendant’s prior testimony while precluding defendant’s use and introduction of said testimony.”[4]
When defendant testified at trial, the prosecutor questioned him in reference to certain testimony defendant had given at the suppression hearing. Apparently, there was no objection and no attempt by defense counsel to use other portions of defendant’s prior testimony to rehabilitate him. After defendant was excused as a witness, defense counsel requested that the jury be removed and then indicated that he would like to either: (1) introduce defendant’s entire testimony at the suppression hearing; or (2) introduce certain portions of that testimony which related to the subject matter addressed by the prosecutor in cross-examination. The trial court denied the request.
Defense counsel might have rehabilitated his client with other portions of defendant’s testimony, but he did not do so.[5] Any error was harmless, because the only point in dispute relates to whether the prosecutor improperly implied to the jury that defendant gave an exact rather than approximate time at the earlier hearing. This minor point would not warrant a reversal. State v. Jones, 263 La. 1012, 270 So.2d 489 (1972).
This assignment lacks merit.
CONCLUSION
For the reasons assigned, the conviction and sentence of Joseph Citizen are affirmed.
AFFIRMED.

. Constitution of the United States, Amendment VI provides:
“In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.”

. LSA-Const.1974, Art. 1, § 16 provides:
“Every person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy, public, and impartial trial in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law. No person shall be compelled to give evidence against himself. An accused is entitled to confront and cross-examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to testify in his own behalf.”

.LSA-R.S. 15:273 provides:
“The accused shall have the right to be confronted with the witnesses against him and the depositions of witnesses shall not be evidence either for or against him except as provided by law.”

. Defendant’s original brief, p. 3.

. Defense counsel complains that he did not have a complete transcript of defendant’s earlier testimony available, but there is no showing that he requested a recess in order to review the state’s copy, which was available to him.