STATE OF NEW JERSEY, PLAINTIFF, v. OLEG
DRIKER, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Union County

Decided December 5, 1984.

*Robert O'Leary,* Assistant Prosecutor for plaintiff (*John H. Stamler,* Prosecutor).

*Anthony Palumbo* for defendant (*Palumbo and Renaud,* attorneys).

## OPINION

MENZA, J.S.C.

The defendant is charged with robbery and burglary. The State moves to introduce into evidence, in lieu of actual testimony, the videotaped deposition of the victim because the witness is ill and unable to appear in person at the trial. The defendant objects to the introduction of the videotape contending that *R.* 3:13–2 does not specifically provide for the use of a videotaped deposition in a criminal trial.

*R.*3:13–2, which provides for the use of depositions in a criminal trial, states:

(a) When and How Taken. If it appears to the judge of the court in which the indictment or accusation is pending, that a material witness may be unable to attend or may be prevented from attending the trial of the indictment or accusation, or any hearing in connection therewith, the court, to prevent injustice, may upon motion and notice to the parties order that testimony of *such witness be taken orally by deposition as provided in civil actions....*

(b) Use. At the trial or upon any hearing, a part or all of a deposition, so far as admissible under the rules of evidence, may be used if the court finds that the appearance of the witness cannot be obtained because he is dead or is unable to attend or testify because of age, sickness, infirmity or imprisonment, or is out of this State, or because the party offering the deposition has been unable to procure his attendance by subpoena. [Emphasis supplied].

*R.*3:13–2 specifically refers to the civil rules governing the method of taking depositions. *R.*4:14–9, which governs the method of taking depositions in civil actions, provides:

Videotaped depositions may be taken and used in accordance with the applicable provisions of these discovery rules....

(e) Use. Videotaped depositions may be used at trial in accordance with *R.* 4:16–1.

*R.* 4:16–1 states:

At the trial or upon hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying....

It is clear that *Rules* 3:13–2, 4:14–9 and 4:16–1 permit the use of a videotaped deposition at a criminal trial.

Furthermore, this court finds that *R.*3:13–2, which permits the use of written depositions at trial, in and of itself, implicitly authorizes the use of videotaped depositions. If a written deposition transcript is permitted, logic would dictate that the use of the actual recorded testimony is similarly authorized.

■ This court acknowledges that defendants frequently invoke the Sixth Amendment right to confrontation to challenge the use of videotaped testimony at a criminal trial. But when viewed in light of the purpose of the confrontation clause and the means by which it is safeguarded it is clear that this argument is untenable. A videotaped deposition clearly attains the objective of the right of confrontation. Since the deponent is under oath, the right to cross-examination is preserved and the jury is afforded the opportunity to actually view the witness as he testifies. *United States v. King,* 552 *F.*2d 833, 836–841 (9th Cir.1976), *cert. den.,* 430 *U.S.* 966, 97 *S.Ct.* 1646, 52 *L.Ed.*2d 357 (1977) (upholding the use of a videotaped deposition pursuant to 18 *U.S.C.* § 3503); *See also People v. Moran,* 39 *Cal. App.*3d 398, 406, 114 *Cal.Rptr.* 413, 417 (Cal.Ct.App.1974) (approving the use of videotaped testimony taken at preliminary hearing); *Hutchins v. Florida,* 286 *So.*2d 244, 246 (Fla.App. 1973) (approving the use of videotaped deposition of a witness); *Louisiana v. Hills,* 379 *So.*2d 740, 743–744 (Sup.Ct.La.1980) (approving videotaped testimony of a deceased victim taken at preliminary hearing); *State v. Martinez,* 95 *N.M.* 445, 623 *F.*2d 565, 568 (1981) (approving use of videotaped deposition of key witness).

Finally, the court notes that objections to the use of videotaped depositions have been based on the technical subtleties and characteristics of the medium. The main thrust of the argument is that images electronically reproduced somehow distort the information conveyed. In *People v. Moran, supra,* the court addressed this specific challenge to its approval of the

use at trial of videotaped testimony taken at the defendant's preliminary hearing. The court noted that although images reflected on a television screen are different from a live observation, any technical shortcomings fall equally on both the State and the defendant. The court further stated that because the use of television is so prevalent in our society, the jury is familiar with its technical characteristics and deficiencies. The court concluded that despite any technical limitations, the videotaped testimony is a reliable method of affording a jury the opportunity to see and hear a witness who is otherwise unable to attend. *Id.* 39 *Cal.App.*3d at 410–411, 114 *Cal.Rptr.* 413.

The court concludes that a videotaped deposition of an unavailable witness is permitted by the court rules, satisfies the constitutional safeguards of the right to confrontation, gives the jury the opportunity to observe the witness and possesses sufficient indicia of reliability to justify its use at a criminal trial. The videotape deposition of the victim is therefore admitted into evidence.