CIACCIO, Judge.
Defendant, Leonard Nicholas, was indicted by a grand jury for the first degree murder of Charles Lebreton, Jr. His first trial on July 8,1981 ended in a mistrial, and defendant was retried on July 16, 1981.
By unanimous vote, a twelve-member jury found defendant guilty of having violated La.R.S. 14:30.1, second degree murder. Defendant appeals on the basis of three assignments of error. Finding no merit to these assignments, and finding no errors upon inspection of the pleadings and proceedings, we affirm.
At the outset of defendant’s second trial on July 16, 1981, the State sought to introduce the testimony from the first trial given by Dr. Richard Tracey, a pathologist from the coroner’s office. The State contended that Dr. Tracey was unavailable to testify at the second trial because he was “somewhere in the State of Oregon.” The trial judge ruled that this witness was unavailable and that therefore the transcript of his testimony from the first trial would be read to the jury, in lieu of his appearance and testimony.
By his first assignment of error, defendant complains that “the trial court erred in allowing the State to introduce the previous testimony of the coroner and having it read to the jury.” Defendant argues that the court’s ruling violated his right to confront the witnesses against him.
Both the United States and¡ Louisiana constitutions guarantee a criminal defendant the right to be confronted with the witnesses against him. In Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed 2d 255 (1968), the nation’s highest court described as fundamental the right of an accused in a state trial to have the live testimony of a witness before the trial jury, not only to permit cross-examination, but also to allow the jury to judge the witness’ credibility and demeanor face to face.
Our Supreme Court, in State v. Robinson, 423 So.2d 1053 (La.1982), held that when testimony taken at a prior hearing or proceeding is to be used at trial, there must be an examination into whether there has been a violation of defendant’s constitutional rights. The Court, quoting from State v. Hills, 379 So.2d 740, 743-44 (La.1980), set forth five conditions which must be met before the transcript of a prior proceeding may be used as evidence at a subsequent *1280 trial without offending constitutional guarantees:
(1)defendant must have been represented by counsel at the earlier hearing; (2) the witness testified under oath; (3) the witness was cross-examined or else there was a valid waiver of the right to cross-examination; (4) at the time of the trial, the witness (whether out of state or not) is unavailable or unable to testify; and (5) the state has made a good faith diligent effort to obtain the presence of the witness, including by its out-of-state subpoena powers where appropriate. State v. West, 363 So.2d 513 (La.1978); State v. Kaufman, 304 So.2d 300 (La.1974), cert. denied, 429 U.S. 981, 97 S.Ct. 495, 50 L.Ed.2d 591 (1976).
In the instant case, the first three conditions are easily met. At defendant’s first trial on July 8, 1981, Dr. Tracey testified under oath where he was fully cross-examined by defense counsel. As to the fourth and fifth conditions, we find that the State failed to meet its burden.
Genuine unavailability of a witness, rather than simple absence from the state, is the jurisprudential requirement to obviate constitutional confrontation problems. State v. Robinson, 423 So.2d 1053, 1058. Further, a witness is not “unavailable” for purposes of the exception to the confrontation requirement unless the prosecutorial authorities have made a diligent and good-faith effort to obtain his presence at trial. Barber v. Page, 390 U.S. at 724-725, 88 S.Ct. at 1322; State v. Sam, 283 So.2d 81 (La.1973).
The State in the present case claimed that Dr. Tracey was out of state at the time of trial, but made no effort to show that it attempted to secure his attendance, nor that it had been unsuccessful in its attempts to do so. In fact, the record is completely void of any reference by the State of any action taken to produce Dr. Tracey at the second trial. Based on the apparent absence of any effort at all on the part of the State, much less a diligent one, we are unable to hold that the constitutional requirements have been satisfied. We conclude under these circumstances that the trial judge erred in allowing Dr. Tracey’s earlier testimony into evidence at trial.
Nevertheless, we ultimately hold that this error is not cause for reversal. La.C. Cr.P. art. 921.
In State v. Jones, 325 So.2d 235 (La.1975), in a plurality opinion, the Supreme Court found that the trial court’s denial of defendant’s right of confrontation by allowing the deposition of a deputy coroner into evidence was not prejudicial. We find no real distinction between the case under consideration and State v. Jones. In Jones, the testimony of the coroner merely corroborated the occurrence of a forcible rape.
In the case before us, the testimony of Dr. Tracey concerned the autopsy he performed on the victim. It was a factual and nonimflammatory account of the indi-cia which caused victim’s death.
The weight of Dr. Tracey’s testimony is slight in view of the overwhelming evidence of defendant’s guilt shown at trial. State v. Jones, supra; State v. Theard, 527 So.2d 393 (La.App. 4th Cir.1988). This witness had been fully cross-examined at the earlier trial, and was not a principal witness in obtaining the conviction. The transcript supports this conclusion.
Accordingly, we find that the error in allowing the transcript to be read to the jury had no significant bearing on the outcome of the trial based on the limited facts presented here. The error was harmless. This assignment lacks merit.
By his second assignment, defendant argues that he was improperly denied the opportunity to impeach the testimony of Carolyn Krieger with proof of a prior conviction pursuant to La.R.S. 15:495.
La.R.S. 15:495 provides:
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been *1281 questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
At trial, Carolyn Krieger, testified under cross-examination by defense counsel that she was currently living in La-Coneheta on Tulane Avenue. When defense counsel then attempted to elicit what type of facility this was, the State objected. The trial judge sustained the objection on the grounds of relevancy. Defense counsel stated that he would make a proffer; however, no such evidence has been presented to this Court.
In his brief, defendant states that La-Concheta is a former motel presently being used as additional housing for the Orleans Parish Prison. He argues that this question by defense counsel would have elicited information from Ms. Krieger concerning prior convictions, thereby impeaching her credibility.
Questions for impeachment purposes relating to criminal acts are confined to proof of criminal convictions. La.R.S. 15:495.
Defense counsel’s query concerning La-Concheta was not probative of whether or not Ms. Krieger had any prior convictions. When the trial court sustained the State’s objection, defense counsel asked no further questions of Ms. Krieger, and made no effort to explain or alter his line of questioning. Consequently there is nothing in the record to indicate that the witness had a prior conviction to be used for impeachment, thereby failing to leave a record reviewable by this Court.
The trial judge did not find the information concerning LaConcheta relevant, and his ruling is entitled to great weight. Absent a clear abuse of discretion, the trial court’s ruling as to the relevancy of evidence should not be disturbed on appeal. State v. Whittaker, 463 So.2d 1270 (La.1985). We do not find that the trial judge’s ruling manifested a clear abuse of discretion.
Defendant finally complains that the delay in sentencing him was unnecessary. La.C.Cr.P. art. 874 provides:
Sentence shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the Supreme Court.
Defendant brings this matter for review as an appeal rather than as a supervisory writ as required by La.C.Cr.P. article 874. Additionally, defendant failed to either object to the sentence or file a notice of his intention to seek supervisory writs. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. La.C.Cr.P. art. 841. Defendant raises the issue of delays in sentencing for the first time on appeal. We are, therefore, unable to reach the merits of this assignment.
For the reasons stated, we find no merit in defendant’s assignments of error. Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.